

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 24, 1949

Mr. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Opinion No. V-892

Re: Classification of a
water well drilling
outfit as an implement
of husbandry, thereby
exempting it from
motor vehicle registra-
tion.

Dear Sir:

You have asked for the opinion of this office on the question of whether a water well drilling outfit is an implement of husbandry and therefore exempt from motor vehicle registration under the terms of Article 6675a-2, Vernon's Civil Statutes. According to the statement of facts submitted, the drilling unit is used solely for the purpose of drilling water wells for irrigation and farm purposes. The public highways are used temporarily in moving the unit from one drilling site to another.

Article 6675a-2, Vernon's Civil Statutes, provides in part:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; provided that where a public highway separates lands under the dominion or control of the owner, the operation of a motor vehicle by such owner, his agents or employees, across such highway shall not constitute a use of such motor vehicle upon a public highway of this State. Owners of farm tractors, farm trailers, farm semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm tractors, farm trailers, farm semi-trailers, or implements of husbandry;
. . . . "

Article 827a, Section 3(a), Vernon's Penal Code, provides:

"No vehicle shall exceed a total outside width, including any load thereon, of ninety-six (96) inches, except that the width of a farm tractor shall not exceed nine (9) feet, and except further, that the limitations as to size of vehicle stated in this section shall not apply to implements of husbandry, including machinery used solely for the purpose of drilling water wells, and highway building and maintenance machinery temporarily propelled or moved upon the public highways."

The following definition of "implements of husbandry" is found in Article 6675a-1, Vernon's Civil Statutes:

"(r) 'implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck."

Ballentine defines "Implements of Husbandry" as follows:

"Any instrument used directly in the business of farming, and for no other purpose is an implement of husbandry. Horse rakes, gang plows, headers, threshing machines, and combined harvesters are as clearly implements of husbandry as are hand rakes, single plows, sickles, cradles, flails, or an old fashioned machine for winnowing. There is no ground for excluding an implement from the operation of the exemption statute because it is an improvement, and supplants a farm implement used with less effectiveness for the same purpose. Estate of Klemp, 119 Cal. 41, 39 L.R.A. 340, 50 Pac. Rep. 1062."

The machine mentioned by you is an implement of husbandry under the provisions of Article 827a, Section 3(a), Vernon's Penal Code, and the limitations as to the size of vehicles stated in that section do not apply to such a machine. Such is not conclusive but it is persuasive in attempting to arrive at a decision on the question presented. The definition of "implements of husbandry" found in Article 6675a-1, Vernon's Civil Statutes, was added to the Act in 1941.

Implements of husbandry are exempt from registration under the provisions of Article 6675a-2. For the purposes of that Article, "implements of husbandry" are defined in paragraph (r) of Article 6675a-1 as "farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck." We are of the opinion that the Legislature did not intend to include and did not in fact include, within the terms of the definition, only those implements which are used in actually tilling the soil. The Legislature referred to "implements, machinery and tools as used in tilling the soil" as a type of "implements of husbandry". It is our opinion that the Legislature intended that any instrument used directly in the business of farming, and for no other purpose, be included within the terms of the definition. If, as a matter of fact, a machine is used solely for the purpose of drilling water wells for irrigation and farm purposes, we conclude that such a machine is an implement of husbandry within the meaning of the registration statutes. Such a machine, if it is operated or moved temporarily upon the highways, is exempt from registration under the provisions of Article 6675a-2, V.C.S.

## SUMMARY

A machine used solely for the purpose of drilling water wells for irrigation and farm purposes is an implement of husbandry under the provisions of Article 6675a-2, Vernon's Civil Statutes. Such a machine which is operated or moved temporarily upon the highways is exempt from registration under the provisions of the statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

ATTORNEY GENERAL
CBK/rt

By: Clyde B. Kennelly
Assistant